**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| LISA DIANE PATTERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SOUTHWEST AIRLINES CO., | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

The Plaintiff LISA DIANE PATTERSON (hereinafter referred to as "PATTERSON") and for her complaint against the Defendant SOUTHWEST AIRLINES CO. (hereinafter referred to as "SOUTHWEST") states:

1. This action is brought for damages sustained by PATTERSON by reason of SOUTHWEST's violation of her civil rights under the Americans with Disability Act, as amended by the Civil Rights Act of 1991.

2. At all times relevant hereto, PATTERSON was and is a citizen of the United States and was and is a resident of the Northern District of Illinois.

3. At all times relevant hereto, SOUTHWEST was a corporation organized and existing under the laws of the State of Texas with its principal place of business at 2702 Love Field Drive, Dallas, Texas 75235.

4. At all times relevant hereto, SOUTHWEST was an "employer" within the meaning of the Americans with Disability Act, as amended by the Civil Rights Act of 1991.

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1343 and 1331.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 since a the complained of conduct occurred in this District and PATTERSON was stationed at Midway Airport in Chicago, Illinois.

7. In or about June, 1998, PATTERSON was hired by SOUTHWEST to the position of Flight Attendant.

8. PATTERSON was stationed by SOUTHWEST at Midway Airport.

9. In her position as Flight Attendant, PATTERSON was responsible for the safety of the aircraft and for customer service of passengers.

10. Up until January, 2026, PATTERSON received favorable reviews and accolades from her superiors at SOUTHWEST and was never disciplined.

11. Since PATTERSON was employed by SOUTHWEST, it was the policy of SOUTHWEST not to discriminate against an employee on the basis of his or her disability.

12. Nevertheless, commencing in January, 2026, PATTERSON was discriminated against by SOUTHWEST because of her disability, namely being allergic to pet dander.

13. Commencing in 2018, SOUTHWEST adjusted its policy to allow passengers to bring dogs and cats on its airplanes.

14. At all times relevant hereto, SOUTHWEST knew that PATTERSON was allergic to dogs and cats since she was a child and had to make sure that she did not work in a section of an airplane in which a passenger brought on a dog or cat since it would cause her to become violently ill.

15. In or about October, 2019, PATTERSON wrote a letter to Sonya Lacore (hereinafter referred to as "LACORE"), Vice President of Inflight Operations at SOUTHWEST, and requested an accommodation due to her allergies with dogs and cats which would subject her to severe illness if she had to work a part of the cabin in which a dog or cat was located.

16. Approximately three months later, LACORE responded and indicated that no accommodation could be made for PATTERSON's allergies to dogs and cats.

17. By virtue of her allergies with regard to dogs and cats, PATTERSON had difficulty breathing.

18. In 2021, SOUTHWEST adopted a policy indicating that flight attendants could seek to bid on another flight if there was a pet on board.

19. Under that policy, a flight attendant could either switch with another flight attendant in the cabin if the other flight attendant was willing.

20. If the other flight attendant was unwilling to switch, PATTERSON would then have to bid on another flight or go home without pay.

21. In most instances, flight attendants were unwilling to switch locations in the cabin and there were no additional flights available for which resulted in PATTERSON having to go home and not be paid.

22. Since this policy was not working, PATTERSON made a request for a passenger with a dog or cat to be moved out of her section in the cabin and be moved to another section so PATTERSON could stay on the flight and continue performing her services.

23. SOUTHWEST rejected PATTERSON's suggestion.

24. Moreover, in March, 2026, PATTERSON made a request for an accommodation in which passengers with dogs would be moved forward if seats were available.

25. SOUTHWEST again denied PATTERSON's request for accommodation because of her disability.

26. By virtue of SOUTHWEST's unwillingness to accommodate PATTERSON because of her pet allergies, PATTERSON has lost substantial revenue on flights in which she could not work in that there were dogs or cats on board.

27. In order to receive compensation, PATTERSON has, on occasion, had to stay on the flights in which a dog or cat was in her part of the cabin which resulted in her becoming ill and needing medical attention and incurring charges for medical care.

28. SOUTHWEST has, therefore, discriminated against PATTERSON on the basis of her disability in violation of the Americans with Disability Act, as amended by the Civil Rights Act of 1991.

29. On May 11, 2026, the Equal Employment Opportunity Commission received PATTERSON's charge of discrimination.

30. On October 7, 2026, the Equal Employment Opportunity Commission issued PATTERSON a notice of right to sue. A true and correct copy of this notice is attached hereto as ***Exhibit A***.

31. Less than ninety days have expired since PATTERSON's receipt of the notice of right to sue.

32. SOUTHWEST's violations of PATTERSON's rights under the Americans with Disability Act, as amended has caused PATTERSON pecuniary damages.

WHEREFORE, the Plaintiff LISA DIANE PATTERSON requests that this Court enter judgment in her favor and against the Defendant SOUTHWEST AIRLINES CO. as follows:

a. Enjoining SOUTHWEST from engaging in such unlawful employment practices as alleged in this complaint;

b. Making PATTERSON whole as to all salary, benefits and seniority status that would have been accrued but for the civil rights violations committed by SOUTHWEST;

c. Awarding PATTERSON compensatory and punitive damages in an amount authorized under Americans with Disability Act, as amended by the Civil Rights Act of 1991;

d. Awarding PATTERSON attorney's fees, costs and prejudgment interest; and

e. Awarding PATTERSON such other relief as this Court may deem appropriate.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/ Joel F. Handler
Joel F. Handler (#1115812)
One E. Wacker Drive, Suite 2505
Chicago, Illinois 60601
(312) 832-0008
jhandler@handlerlawgroup.com
Attorney for the Plaintiff,
LISA DIANE PATTERSON